IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 14, 2000

## CHARLES BOBO v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

Appeal from the Chancery Court for Davidson County
No. 97-4136-III    Ellen Hobbs Lyle, Chancellor

No. M2000-00517-COA-R3-CV - Filed November 21, 2001

Appellant, a prison inmate, filed, in the Chancery Court of Davidson County, a Petition for Writ of Certiorari questioning disciplinary actions against him by the Department of Corrections. The petition was dismissed by the Chancellor with costs assessed against Appellant. Appellant then sought exemption of his inmate trust account from execution for costs asserting that Tennessee Code Annotated Section 26-2-103 rendered his trust account and personal property to a value of $4,000 exempt from execution for court costs. The Chancellor held Tennessee Code Annotated Section 26-2-103 to be inapplicable, and we affirm the Chancellor.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Charles Bobo, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction, Northeast Correctional Complex and State Prison Disciplinary Board.

**MEMORANDUM OPINION[2]**

---

[1] Former section 26-2-102 concerning personal property selectively exempt from seizure was transformed to 26-2-103 by the 2000 Replacement of Volume 4A of Tennessee Code Annotated.

[2] Court of Appeals Rule 10:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

On December 15, 1997, Charles Bobo filed a Petition for Writ of Certiorari to review disciplinary action taken against him by the Tennessee Department of Corrections.

On January 7, 1999, the Chancellor dismissed the action without prejudice for failure of Appellant to prosecute same, assessing the court costs against Appellant. On March 19, 1999, Appellant filed a "Claim for Exemption From Execution of Court Costs Pursuant to T.C.A. § 26-2-102, *et seq.*".

On June 18, 1999, the Chancellor denied Appellant's application for exemption for his failure to comply with Tennessee Code Annotated section 26-2-114 in that he had not filed, under oath, a list of all items he owned and chose to declare exempt, along with a value for each item claimed. On July 19, 1999, Appellant filed his Tennessee Rules of Civil Procedure Rule 59 Motion to Alter or Amend, accompanied by documentation pursuant to Tennessee Code Annotated section 26-2-114, which document included within the claimed $4,000 exemption, his inmate trust fund. On October 25, 1999, the Chancellor held that Tennessee Code Annotated section 26-2-102 was inapplicable to the collection of court costs and denied exemption.

On November 24, 1999, Appellant filed a second Rule 59 Motion rearguing the same point. On February 16, 2000, the court entered judgment denying this motion to alter or amend.

Appellant appealed the February 16, 2000 judgment.[3]

The opinion of this Court in *David Palmer v. Tennessee Department of Correction*, No. M2000-02351-COA-R3-CV, 2001 WL 1386091 (Tenn. Ct. App. Nov. 8, 2001), released on November 8, 2001, is dispositive of the only issued involved in this case.

In *Palmer*, this Court held that T.C.A. 26-2-101, *et seq.* did not apply to court costs assessed against those responsible for instituting litigation. Said the *Palmer* court:

> We have determined that throughout our history the legislature intended that costs of litigation are to be the responsibility of the person instituting the litigation unless relieved thereof by the judgment of the court. The intent is manifested again by the provisions of the 1978 legislation, part of which is the subject exemption statute, indicating that the legislation is directed at defendant judgment debtors. Placing this determination with the explicit provision in the pauper's oath statute that merely suspends the payment of costs until "taxed by the court," we reach the conclusion that the legislative intent, as expressed by the ordinary meaning of the language used, is that a person who is allowed to commence a suit without giving security for the costs is not relieved of the obligation to pay the costs by virtue of the exemption statute.

---

[3]No question is raised on appeal as to the timeliness of the appeal or as to how a second Rule 59 motion suspended the finality of the October 25, 1999 order.

*Palmer*, 2001 WL 1386091, at 4.

The judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary.  Costs of the appeal are assessed against the appellant, Charles Bobo, for which execution may issue if necessary.

_____
WILLIAM B. CAIN, JUDGE